**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH ADAMS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 33A04-1110-CR-562 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Bob Witham, Judge
Cause No. 33D02-1106-FD-147, 33D02-0703-FD-77

**April 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Joseph Adams appeals his sentence for Class B misdemeanor criminal mischief and the revocation of his probation. We affirm.

**Issue**

Adams raises one issue, which we restate as whether the trial court abused its discretion by requiring Adams to serve his sentences in the Henry County Jail as opposed to an alternative placement.

**Facts**

In 2009, Adams was convicted of two counts of Class D felony theft and sentenced to two years in the Henry County Jail on each count, and the sentences were ordered to be served concurrently. On May 16, 2011, the trial court modified the sentence to two years suspended to probation.

On June 7, 2011, the State charged Adams with Class D felony residential entry and Class B misdemeanor criminal mischief for an incident that occurred on June 2, 2011. On June 27, 2011, a petition to revoke Adams's probation was filed. On August 31, 2011, Adams pled guilty to the criminal mischief charge and admitted to violating his probation. In exchange for Adams's guilty plea, the State dismissed the residential entry charge.

On September 14, 2011, the trial court sentenced Adams to sixty days in the Henry County Jail for the criminal mischief conviction. The trial court also revoked Adams's probation and ordered him to serve the remainder of his two-year sentence in the Henry

County Jail. The trial court ordered the sentence on the probation revocation to be served consecutive to the sentence on the criminal mischief conviction. Adams now appeals both decisions.

**Analysis**

Adams argues that the trial court abused its discretion by ordering him to serve his criminal mischief sentence and his previously-suspended two-year sentence in the Henry County Jail as opposed to an alternative placement such as work release. In general, we review a challenge to a trial court's sentence for an abuse of discretion. Adams v. State, 960 N.E.2d 793, 796 (Ind. 2012) (citing Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007)). "An abuse of discretion occurs when the decision clearly contravenes the logic and effect of the facts and circumstances before the court." Id. at 796-97. Likewise, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). "A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999).

Adams argues that his placement in the Henry County Jail was an abuse of discretion because he pled guilty to the criminal mischief charge and admitted to the probation violation, he had been working, no one was injured during the commission of the offense, the criminal mischief was unlikely to reoccur, and he had been paying court-ordered restitution. As the trial court explained, however, it had modified Adams's two-

3

year sentence to probation less than a month before he committed the criminal mischief. The trial court also observed that Adams was also serving probation in another county. Under these circumstances, Adams has not established that the trial court abused its discretion in ordering him to serve his criminal mischief sentence and the remainder of his two-year sentence in the Henry County Jail.[1]

## Conclusion

Adams has not established that the trial court abused its discretion by ordering him to serve his criminal mischief sentence and the remainder of his two-year sentence in the Henry County Jail. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.

---

[1] Adams references Indiana Appellate Rule 7(B) but does not develop a separate argument establishing that his sentence is inappropriate. Thus, this argument is waived. See Allen v. State, 875 N.E.2d 783, 788 n.8 (Ind. Ct. App. 2007) (noting that the failure to develop a separate inappropriateness argument results in waiver).